# Richmond.

## MYERS V. McCORMICK AND ANOTHER.

### January 14, 1909.

1. ATTACHMENTS—*Claim for Damages for Breach of Contract—Defendant Removing Effects Out of State—Jurisdiction of Justice.*
—A justice of the peace has jurisdiction under the provisions of sections 2960 and 2961 of the Code to issue an attachment, on a claim for damages for breach of contract, against a defendant who intends to remove his effects out of the State. The liability for damages for a breach of contract is a debt contracted, not a tort. The statute uses the word "claim," which is as broad a term as could well have been used, and where the complaint, the affidavit and the attachment conform to the statute it cannot be said that the attachment is invalid on its face, or that the justice was without jurisdiction.

Error to a judgment of the Circuit Court of Campbell county in a proceeding by foreign attachment. Judgment for defendants. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Adams & Adams* and *James H. Guthrie,* for the plaintiff in error.

*Leon Goodman,* for the defendants in error.

CARDWELL, J., delivered the opinion of the court.

Plaintiff in error sued out, under section 2961 of the Code of 1904, an attachment against the estate of one F. Olney

McCormick, a debtor intending to remove his effects out of the State.

The affidavit, made by one Harrison, as agent for the plaintiff in error, before the justice who issued the attachment, sets out that, to the best of affiant's belief, F. Olney McCormick is justly indebted to the said Myers in the sum of $3,000, for damages for breach of contract; that McCormick intends to remove his effects out of the State, etc.; and the attachment issued by the justice conforms in all respects to the affidavit upon which it was issued.

This attachment was levied by the deputy for the sheriff of Campbell county, and his return thereon is as follows: "Executed August 28, 1907, in Campbell county, Va., by levying on and attaching the following property of the defendant, F. Olney McCormick, to-wit: 500 lbs. steel shot, one core drill, hoist, engine, pump, boiler and fixtures for drill outfit, now at the mines of D. W. Myers, near Mount Athos, Campbell Co., Va."

The attachment was, as required by the statute, made returnable to the next term of the circuit court of Campbell county; and on the 13th day of September, 1907, upon the calling of the case, and on motion of one J. Wayne Hollinger, who claimed an interest in the property attached and also a lien thereon to the amount of $1,000, by virtue of a subsequent attachment which had been levied thereon, he was allowed to appear and make defense to the attachment issued in favor of the plaintiff in error; whereupon, neither party requiring a jury to determine the question arising upon the attachment and the affidavit upon which it was issued, and the return of the sheriff showing that the attachment had been duly levied on the property named, the court having heard the evidence and argument of counsel, and desiring further time to consider of its judgment, it was ordered that the cause be and the same was submitted to the judge of the court for decision and judg-

ment to be made and entered in vacation. And at another day, to-wit: October 21, 1907, the judge of the circuit court made his vacation order, dismissing said attachment as "invalid on its face, the justice of the peace issuing the same having no authority to do so."

The sole question, therefore, presented here is as to the jurisdiction of a justice, or of a clerk of a court of record, to issue an attachment under section 2961 of the Code on a claim for "damages for breach of contract."

Section 2961 is as follows: "On complaint by any person, his agent or attorney, whether the claim of such person is payable or not, to a justice, or to the clerk of the circuit or of any city court of the county or corporation in which the debtor against whom the claim is resides, or in which he has estate or debts owing to him, or if he has removed from the State in which he last resided, or in which he has estate or debts owing to him, or if he has never resided in the State in which he has estate or debts owing to him, or if such debtor be a corporation in which such corporation has estate or debts owing to it, that the said debtor intends to remove or is removing, or has removed his effects out of this State, so that there will probably not be therein effects of such debtor sufficient to satisfy the claim when judgment is obtained therefor, should only the ordinary process of law be issued to obtain the judgment, if such person, his agent or attorney, make oath to the truth of the complaint to the best of his belief, as well as to the amount and justice of the claim, and if the same is not payable, at what time it will be payable, the justice or clerk, as the case may be, shall issue an attachment against the estate of the debtor for the amount so stated."

This section is preceded by section 2960 of chapter 141 of the Code, relating to attachments. Section 2960 provides:

"* * * If the action be to recover a debt or damages for the breach of a contract, express or implied, or damages for a wrong,

the attachment shall be against the defendant's estate for the amount specified in the affidavit as that which the affiant believes the plaintiff is entitled to or ought to recover."

Then, section 2961, as will be observed, authorizes a justice or the clerk of the circuit or of any city court of the county or corporation in which the debtor against whom the claim is resides, or in which he has estate or debts owing to him, or if he has removed from the State in which he last resided, or in which he has estate or debts owing to him, etc., on complaint of any person, his agent or attorney, upon oath to the truth of the complaint to the best of his belief, as well as to the amount and justice of the claim, etc., to issue an attachment against the estate of the debtor for the amount of the claim so stated.

It seems clear to us that the dismissal of the attachment in this case on the ground that it is invalid on its face was error. What may be a proper determination of the question arising on the attachment, upon a hearing on the merits, we are not called upon to determine. The complaint, the affidavit and the attachment issued by the justice .conform in all respects to the requirements of the statute. The statute uses the word "claim," which is as broad a term as could well have been used, and there is no interpretation properly to be made of the statute which would deny the right to issue an attachment for a claim for damages for breach of contract. The liability for damages for breach of contract is a debt contracted, not a tort. *Burton* v. *Mills,* 78 Va. 481.

"Actions *ex contractu,*" says Mr. Minor, "are founded on a *breach of contract express or implied,* and are intended to redress the injury thence arising. Actions *ex delicto* are founded on, and designed to obtain redress for, *torts,* that is, for civil wrongs which do not proceed from the *breach of any contract,* express or implied." 4 Min. Inst., pp. 425-6, 428. See also I Chit. Pl. 111; *Peter* v. *Butler,* 1 Leigh 314.

Shinn on Attachments and Garnishments, Vol. 1, sec. 140,

under the head of "Nature of Indebtedness," says: "While some States do not require that the affiant should, in the affidavit of attachment, aver the 'nature' of the demand or indebtedness, yet the prevailing rule requires the affiant to state a cause of action with such circumstantial accuracy as is necessary to apprise the opposite party of what is intended to be proved at the trial. The same degree of precision is not required in all States, but it is always well to state the character of the indebtedness as nearly within the words of the statute as may well be done. And when so required, the 'nature' of the indebtedness must, at all events, be stated substantially."

And again the same author says, in section 142: "The statement of one of the statutory grounds is sufficient foundation for the issuance of the writ, but other grounds may be also stated, if the allegations are not thereby made inconsistent." In other words, the learned author says, upon a full discussion of the subject, that where the averments of the grounds for attachment conform to the statute under which it is issued, the attachment issued thereon is valid.

In the case here, the averment of the grounds for the attachment in question conform to the requirements of sections 2960 and 2961 of the Code, and it should not have been dismissed as void upon its face.

We are of opinion, therefore, that the judgment of the circuit court must be reversed, and the cause remanded to that court for further proceedings therein not in conflict with this opinion.

*Reversed.*